IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LONGHORN AUTOMOTIVE GROUP, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> MITSUBISHI MOTORS CORPORATION, § <br> § <br> *Defendant*. § | CASE NO. 2:24-CV-00685-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss (the "Motion") filed by Defendant Mitsubishi Motors Corporation ("Defendant"). (Dkt. No. 34). In the Motion, Defendant moves to dismiss the first Amended Complaint for Patent Infringement (the "FAC") (Dkt. No. 24) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 34 at 1). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be **DENIED**.

I.   **BACKGROUND**

On August 20, 2024, Plaintiff Longhorn Automotive Group, LLC ("Plaintiff") filed the original Complaint for Patent Infringement. (Dkt. No. 1). However, and after Defendant moved to dismiss the original Complaint, Plaintiff filed the FAC. (Dkt. No. 19; Dkt. No. 24).

In the FAC, Plaintiff alleges that Defendant infringes four (4) of its patents. (*See* Dkt. No. 24 ¶¶ 7–11, 18). Those four (4) patents include: U.S. Patent No. 8,810,803 (the "'803 Patent"); U.S. Patent No. 7,987,002 (the "'002 Patent"); U.S. Patent No. 7,513,238 (the "'238 Patent"); and U.S. Patent No. 8,265,353 (the "'353 Patent") (collectively, the "Asserted Patents"). (*Id*.). Generally, the '803 Patent relates to "to a plurality of lenses used for focusing and projecting the

light in plurality of directions." (*Id*. ¶ 14). The '002 Patent generally relates to "a monitoring system with plurality of monitoring units communicating with a first interface in a first protocol which in turn is connected to a distributed control systems using a second protocol." (*Id*. ¶ 15). The '238 Patent generally relates to "to novel direct injection in internal combustion engines where the shapes of the piston allow for early or late injection to optimize the direct injection." (*Id*. ¶ 16). Finally, the '353 Patent generally relates to "measuring a mobile object using a plurality of imaging techniques in synchronization to provide video images of an object's state." (*Id*. ¶ 17).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.*

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). However, the plaintiff is not required to prove its case at the pleading stage. *Id.* Ultimately, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

### III.     ANALYSIS

Defendant moves to dismiss several of Plaintiff's claims, including Plaintiff's claims for: (a) direct infringement; (b) indirect infringement; and (c) pre-suit damages.  The Court addresses each in turn.

### (a) Whether the Court should dismiss Plaintiff's direct infringement claims?

Defendant argues that the FAC has not pled facts sufficient to state a claim of direct infringement against it for two (2) reasons: (1) Plaintiff has not shown that Defendant, a Japanese company, infringes the Asserted Patents in the United States; and (2) Plaintiff has not explained how the Accused Products infringe the Asserted Patents.  (Dkt. No. 34 at 7).  The Court addresses each of these reasons in turn.

### (1) Whether Plaintiff has sufficiently alleged that Defendant infringes the Asserted Patents in the United States?

Defendant argues that the FAC has not sufficiently "explain[ed] how" Defendant's alleged infringement occurs within the U.S.  (Dkt. No. 34 at 7–8 (citing *NorthStar Sys., LLC v. Volkswagen AG*, No. 2:22-cv-00486-JRG, Dkt. No. 69 at 5 (E.D. Tex. Aug. 29, 2023)).  Defendant contends that the FAC has not done so because it relies on irrelevant facts to support its allegations.  (*Id*. at 7 (citing FAC ¶ 2)).  As support, Defendant points to the FAC's citation of third-party Mitsubishi Motors North America's website, noting that a third-party's actions have no bearing on whether Defendant directly infringes the Asserted Patents.  (*Id*.).  Defendant also argues that the FAC's direct infringement allegations are "particularly inexcusable with respect to the '353 Patent."  (*Id*. at 9).  Defendant maintains that, while the '353 Patent recites method claims, the FAC has not alleged that Defendant performs each step in those methods, let alone performs each step in those methods in the United States.  (*Id*.).

Plaintiff argues that the FAC pleads facts sufficient to allow the Court to reasonably infer that Defendant's direct infringement occurs within the U.S. (Dkt. No. 35 at 6–7). As support, Plaintiff notes that the FAC alleges that Defendant uses and provides customer support for Accused Products in the U.S. (*Id*. (citing *NorthStar Sys., LLC v. Volkswagen AG*, 2023 WL 5723648 (E.D. Tex. Sep. 5, 2023)). Further, Plaintiff asserts that Defendant heightens the standard for pleadings by requiring specific facts. (*Id*. at 7 (citation omitted)).

Defendant replies that, under Plaintiff's standard, "a plaintiff could allege infringement by any foreign company in the U.S. by [] stating that there was [a] use/sale/etc. in the United States without providing any accompanying factual allegations." (Dkt. No. 36 at 1).

The Court disagrees with Defendant. While Defendant correctly notes that a complaint has not pled facts sufficient to state a claim of direct infringement by failing to explain how the alleged infringement occurs, the FAC provides such an explanation. *NorthStar*, 2:22-cv-00486-JRG, Dkt. No. 66 at 5–6. Indeed, the FAC provides that "[Defendant] directly infringes . . . through promotional demonstration, testing, repairs, troubleshooting, and instructional guidance in the United States and Texas." (FAC ¶ 75). Viewing these facts as true, the FAC pleads facts sufficient to allege that Defendant's direct infringement occurs within the U.S. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthStar*, 2023 WL 5723648, at *2. Defendant's demand for more detail would require Plaintiff "to 'prove its case at the pleading stage." *Lifetime Indus.*, 869 F.3d at 1379.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### (2) Whether Plaintiff has sufficiently alleged that the Accused Products infringe the Asserted Patents?

Defendant argues that Plaintiff's use of "conclusory and inconsistent allegations is fatal to each of its direct infringement contentions" for (A) the '238 Patent and (B) the '803, '353, and '002 Patent. (Dkt. No. 34 at 11–14). The Court addresses each in turn.

4

### (A) The '238 Patent

Defendant argues that the FAC's allegations of direct infringement as to the '238 Patent should be dismissed for two (2) reasons. (Dkt. No. 34 at 11 (citing FAC ¶ 52)). First, Defendant argues that the FAC's facts have "discrepanc[ies]" that renders them "insufficient" to support an allegation of direct infringement. (*Id*. at 11–12). Specifically, Defendant contends that Plaintiff relies on two (2) distinct engines to allege direct infringement. (*Id*.; Dkt. No. 36 at 3). Second, Defendant contends that the FAC's remaining allegations are only generic recitations of the claim language. (Dkt. No. 34 at 13). While Defendant concedes that the FAC includes images of user manuals and other sources of information, Defendant contends that Plaintiff has not tied those images into its infringement theory. (*Id*. at 12–14 (citing *Chapterhouse, LLC v. Shopify, Inc.*, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018))).

In response, Plaintiff argues that dismissal is unwarranted for three (3) reasons. (Dkt. No. 35 at 8–9). First, Plaintiff asserts that the FAC goes beyond merely reciting the claim language by mapping the Asserted Patents onto the Accused Products. (*Id*. at 9 (citing FAC ¶ 70)). Second, Plaintiff contends that Defendant erroneously heightens the standard for the FAC, particularly "in view of the [tangible] technology at issue" (a piston head). (*Id*. at 10). Finally, Plaintiff contends that Defendant improperly invokes claim construction by requiring "further context" for certain claim limitations. (*Id*.).

The Court agrees with Plaintiff. As an initial matter, the '238 Patent is directed to a tangible invention—the "novel direct injection in internal combustion engines." (FAC ¶ 16). Consequentially, the FAC requires "less detail to state a claim" of direct infringement of the '238 Patent than it would if this case "involv[ed] more nebulous, less tangible inventions such as computer software methods." *Uniloc USA, Inc. v. Avaya Inc.*, 2016 WL 7042236 at *3 (E.D. Tex.

May 13, 2016) (citation omitted); *see also AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 43 (Fed. Cir. 2024).  Further, the tangible nature of the '238 Patent differentiates this case from *Chapterhouse*, which involved "more complicated" software and hardware patents.  2018 WL 6981828, at *2.  Defendant's reliance on that case is therefore misplaced.

Additionally, the Complaint exceeds the *Uniloc* standard.  Indeed, and while the express mapping of each claim limitation is "not required . . . to avoid dismissal under Rule 12(b)(6), the FAC substantially maps the '238 Patent's claim limitations onto the Accused Products.  *AlexSam*, 119 F.4th at 43; *see also QPrivacy USA LLC v. Cisco Systems, Inc.*, 2025 WL 2701692, at *2 (E.D. Tex. Aug. 29, 2025).  For example, the FAC identifies what Plaintiff believes to be a: "monitoring unit" (Mitsubishi services platform); "programmatic instructions" (commands for controlling/requesting vehicle features); and a "first protocol" (internal Mitsubishi Connect protocol and/or TCP/IP).  (FAC ¶ 42).  Contrary to Defendant, this is more than a generic recitation of the claim language.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### (B) The '803, '353, and '002 Patent

Defendant moves to dismiss Plaintiff's direct infringement allegations as to the '803, '353, and '002 Patents.  (Dkt. No. 34 at 14).  Defendant argues that these allegations "repeat the errors" of Plaintiff's direct infringement allegations as to the '238 Patent.  (*Id.*).

The Court disagrees.  As discussed above, the Court has found that the FAC sufficiently states a claim of direct infringement for the '238 Patent, and the bases for that finding also apply to the '803, '353, and '002 Patents.  Indeed, the FAC maps claim limitations for each patent onto the Accused Products.  (*See* FAC ¶¶ 26, 39, 71).  Dismissal is unwarranted here.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

**(b) Whether the Court should dismiss Plaintiff's indirect infringement claims?**

Defendant then moves to dismiss the FAC's induced and contributory infringement allegations for each of the Asserted Patents. (Dkt. No. 34 at 15). Defendant argues that dismissal is warranted because the FAC has not plausibly pled that Defendant: (1) directly infringes the Asserted Patents; (2) had pre-suit knowledge of the Asserted Patents; (3) specifically intended for its customers to infringe the Asserted Patents; or (4) has met the remaining elements of contributory infringement. (*Id.*). The Court addresses each in turn.

*(1) Whether the FAC has plausibly pled direct infringement?*

As discussed above, the Court finds that the FAC states a claim for direct infringement of the Asserted Patents.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

*(2) Whether the FAC has plausibly pled pre-suit knowledge?*

Defendant argues that the FAC has not pled facts sufficient to plausibly allege that Defendant had pre-suit knowledge of the Asserted Patents. (Dkt. No. 34 at 15). Specifically, Defendant asserts that, while the FAC alleges willful blindness as the only theory of pre-suit knowledge, Plaintiff has not sufficiently shown that Defendant took deliberate actions to avoid learning of the Asserted Patents. (*Id.* at 16 (citing FAC ¶¶ 44, 59, 77)). As support, Defendant contends that the FAC has not pled that Plaintiff sent its patents to Defendant, that Defendant would have been likely to encounter the patents, or that the patents fall within Defendant's specific industry. (*Id.* at 16–17). Defendant also notes that Plaintiff has "asserted nearly identical allegations against at least *four different automakers*." (Dkt. No. 36 at 6 (emphasis in original)).

Plaintiff argues in response that Defendant is requiring it to "prove its indirect infringement case at the time of filing." (Dkt. No. 35 at 14). Plaintiff asserts that its allegation that Defendant

7

has a policy of ignoring third-party patents and believes that it likely would learn of patent infringement upon review of those patents is sufficient to allege willful blindness.  (*Id.* (citing FAC ¶¶ 28, 44, 59, 77)).

The Court agrees with Plaintiff.  As an initial matter, Defendant's complaints that Plaintiff has not alleged actual knowledge of the asserted patents are non-dispositive.  Indeed, "willful blindness can satisfy the knowledge requirement for active inducement under § 271(b) (and for contributory infringement under § 271(c)), even in the absence of actual knowledge."  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, at 2070 (2011)).  Thus, Plaintiff's allegations of willful blindness, if sufficiently pled, can establish pre-suit knowledge for indirect infringement.

Further, Plaintiff has sufficiently alleged willful blindness.  This Court has found that "ignoring all patents as a matter of policy" is "an affirmative action" sufficient to plead willful blindness.  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d. 928, 937–38 (E.D. Tex. Mar. 17, 2016) (citation omitted).  Here, the FAC pleads that "Defendant has a policy of not reviewing the patents of others . . . with the subject belief that there was a high probability that Defendant would learn of their infringing activities, thereby remaining willfully blind to the [Asserted Patents]."  (FAC ¶¶ 28, 44, 59, 77).  Although Defendant disputes the truth of these allegations, the Court must accept these facts as true at this stage of the proceedings.  *See Ashcroft*, 556 U.S. at 678.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### (3) Whether Plaintiff has plausibly pled that Defendant specifically intended for its customers to infringe?

Defendant argues that the FAC has not pled facts sufficient to show that Defendant specifically intended for its customers to infringe the Asserted Patents.  (Dkt. No. 34 at 17).  As

8

support, Defendant asserts that the FAC's pleadings "amount to little more than a statement that [Defendant] encourages and instructs end users to infringe through . . . owner's manuals and 'other vehicle information.'" (*Id*. (citing FAC ¶¶ 29, 45, 60, 78)). According to Defendant, an allegation that a defendant provides instructional materials, without more, is insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim. (*Id*. at 18–19 (citing *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 4910427, at \*4 (E.D. Tex. Aug. 14, 2015)).

Plaintiff argues in response that the FAC passes the "low bar" of pleading that Defendant specifically intended for its customers to infringe the Asserted Patents. (Dkt. No. 35 at 12 (citations omitted)). Plaintiff contends that the FAC has shown that Defendant "knew or should have known its actions induced others to commit infringing acts." (*Id*. (citation omitted)).

The Court agrees with Plaintiff. This Court has found that a complaint pleads facts sufficient to state a claim for induced infringement by "pointing to literature 'advertising an infringing use' and 'instructing how to engage in an infringing use' and 'including corresponding claim charts which indicate how such use of the Accused Products allegedly infringes the Asserted Patents." *BillJCo, LLC v. Cisco Sys., Inc.*, 2021 WL 6618529, at \*6 (E.D. Tex. Nov. 30, 2021); *see also Advanced Coding Techs. LLC v. Google LLC*, 759 F. Supp. 3d 755, 759 (E.D. Tex. Dec. 13, 2024). This is what Plaintiff has done. As discussed above, the FAC maps the Accused Products onto the claims. Additionally, the FAC pleads that Defendant prepares and supplies customers with "instructions on how to operate the infringing technology in an infringing manner," such as an Owner's Manual. (FAC ¶ 29). Defendant's citation to case law having inapposite facts has not persuaded the Court otherwise.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### *(4) Whether Plaintiff has plausibly pled contributory infringement?*

Finally, Defendant argues that the FAC has not sufficiently pled the remaining elements of contributory infringement. (Dkt. No. 34 at 19). Specifically, Defendant asserts that the FAC is "devoid of any facts from which the Court can plausibly infer that any components of the [Accused products] have 'no substantial non-infringing uses." (Dkt. No. 36 at 8; *see also* Dkt. No. 34 at 19 (citing *Core Wireless Licensing S.A.R.L. v. Apple, Inc.*, 2015 WL 5000397, at *5 (E.D. Tex. Jun. 3, 2015))). According to Defendant, the FAC merely recites the elements of contributory infringement. (Dkt. No. 34 at 19).

Plaintiff argues in response that the FAC has met the "low bar required at the pleading stage" for contributory infringement. (Dkt. No. 35 at 18 (citation omitted)). As support, Plaintiff points to the FAC's allegation that the "accused components within the Accused Products are material to the invention of the [Asserted Patents], are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be especially made or adapted for use in the infringement of the [Asserted Patents]." (*Id*. (citing FAC ¶¶ 31, 47, 62, 80)).

The Court agrees with Plaintiff. At the motion to dismiss stage, it is reasonable to infer that a complaint states adequate facts to infer that accused components have no substantial non-infringing uses if the complaint specifically identifies accused products and the accused components and specifically explains how the functionalities of those accused products correlates to the asserted patents. *See Advanced Coding*, 759 F. Supp. 3d at 760. As discussed above, the FAC has done this. Accordingly, the Court finds that the FAC has adequately and sufficiently pled the remaining elements of contributory infringement.

To be sure, Defendant's arguments are unpersuasive.  Defendant relies on *Core Wireless*, but the Court has explained that that case "was based on a *total* failure of factual description in the complaint."  *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 836 (E.D. Tex. Sep. 27, 2019) (emphasis in original).  Thus, *Core Wireless* is inapposite to the facts here.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

**(c) Whether the Court should dismiss Plaintiff's claims for pre-suit damages?**

Defendant moves to dismiss any claim to pre-suit damages in the FAC, arguing that the FAC has not adequately pled compliance with the marking statute.  (Dkt. No. 34 at 20–22 (citing FAC ¶ 12)).  Defendant notes that the FAC lacks any facts to support its conclusion that "Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287."  (*Id.*).  Further, Defendant points out that the FAC has not pled that Plaintiff's predecessors-in-interest to the Asserted Patents have complied with the marking statute.  (*Id.* at 21).  According to Defendant, at best, the Complaint only pleads compliance with § 287 as of October 6, 2023, when Plaintiff was assigned the Asserted Patents.  (*Id.* at 22).

Plaintiff argues that the FAC sufficiently pleads plausible claims for pre-suit damages through compliance with § 287.  (Dkt. No. 35 at 19).  Plaintiff asserts that Defendant's arguments impermissibly shift the initial burden of production onto Plaintiff.  (*Id.*).

In reply, Defendant argues that its burden of production is distinct from Plaintiff's burden to plead compliance with § 287.  (Dkt. No. 36 at 9).

Plaintiff has confused Defendant's burden of production with its burden of pleading compliance with the marking statute.  Indeed, "[t]he patentee bears the burden of ***pleading*** and proving he [and his licensees] complied with § 287(a)'s marking requirement."  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) (citing *Maxwell v. J.*

11

*Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996); *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894)) (emphasis added). Despite such confusion, Plaintiff has sufficiently pled "that it can and will show that it complied with § 287 for the [Asserted Patents] if needed to collect pre-filing damages." *Estech Sys., Inc. v. Target Corp.*, 2020 WL 6496425, at *7 (E.D. Tex. Aug. 10, 2020).

Accordingly, this portion of the Motion should be **DENIED**.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 19th day of December, 2025.**

                                                  RODNEY GILSTRAP
                                                  UNITED STATES DISTRICT JUDGE